## Sandy Valley Hardware Company v. Allen, et al.

(Decided May 4, 1917.)

### Appeal from Floyd Circuit Court.

1. Corporations—Pleading.—Where a corporation contracted to pay the plaintiff $250.00 as an additional compensation for real estate bought by it from the plaintiff if the capital stock of the corporation should be increased, a petition which stated that a majority of the stockholders had voted to increase the capital stock of the corporation did not state a cause of action, since, by section 553 of the Kentucky Statutes, a corporation can increase its capital stock only by a vote of, or by the written consent of, stockholders representing two-thirds of its capital stock.

2. Evidence—Parol Evidence Incompetent to Contradict Contract.—
Parol testimony is incompetent to contradict a written contract in
the absence of an allegation of fraud, accident or mistake in the
making of the contract.

3. Evidence—Parol Evidence Inadmissible to Show Increase of Stock
of Corporation.—Where the records of the corporation show that.
a proposition to increase the capital stock of the company was
defeated by a vote of more than two-thirds of the capital stock
of the company, it cannot be shown by parol evidence that the
corporation had increased its capital stock.

CLAUDE P. STEPHENS and HARKINS & HARKINS for appel-.
lant.

SMITH & COMBS and W. W. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On March 20, 1912, the appellees, A. L. Allen and·
wife, sold two lots located in the town of Allen to the·
Sandy Valley Hardware Co. for $1,750.00. Allen had
subscribed for stock in the hardware company of the par
value of $2,000.00; and, when the deed was presented·
to his wife for acknowledgment, she demurred to exe-
cuting the deed, claiming they should get $2,000.00 for
the property. She finally agreed, however, to complete.
the sale for $1,750.00, with the understanding that the
hardware company should pay Allen and wife an addi-
tional $250.00 in case the capital stock of the hardware.
company should be increased from $10,000.00 to $20.-
000.00. This collateral agreement was, on March 20,.
1912, reduced to writing, which, after reciting the sale,
in general terms, contained this agreement:

"It is further agreed that if the capital stock of the
Sandy Valley Hardware Co. is increased to $20,000.00
said parties of the first part are to have $250.00 worth of
stock in said company at its market price, or $250.00 in
money, to be paid by said Sandy Valley Hardware Co."

On April 23, 1914, Allen and wife instituted this action
in equity, to recover the $250.00 called for by the con-.
tract, and asserted a lien therefor upon the two lots·
which they had theretofore sold to the company. After
setting forth the sale and the contract to pay the $250.00
above referred to, the petition alleged that shortly after
the agreement of March 20, 1912, the stockholders of the
hardware company met for the purpose of increasing its
capital stock to $20,000.00; that after duly considering
the matter, a vote of the stockholders was taken and a

majority of them voted to increase the stock to $20,000.00; that after the resolution had been duly and legally adopted by a majority of the stockholders, it was suggested in the meeting by some one of the stockholders that by increasing the capital stock to $20,000.00 the company would have to pay plaintiffs the $250.00 called for by the contract; and, that when this suggestion was made, the proposition to increase the stock to $20,000.00 was reconsidered and rejected.

It is further alleged that this was not done in good faith, but that it was a fraudulent scheme by the stockholders of the hardware company to cheat, defraud and wrong the plaintiffs, and to avoid the payment of the $250.00 called for by the contract, and, that when the resolution had been thus regularly adopted, the hardware company became legally bound to pay the plaintiffs said sum of $250.00, or issue them stock of that value, and that it refused to do either.

The answer traversed the material allegations of the petition; and, upon a trial, the plaintiffs obtained a judgment for $250.00. The hardware company prays an appeal and asks a reversal upon the ground that neither the petition nor the proof sustains the judgment.

We think the judgment was erroneous for several reasons.

In the first place, the petition failed to state a cause of action. It alleged that by a majority vote of the stockholders the stock was increased to $20,000.00, but that this action was subsequently reconsidered and rejected. But, section 553 of the Kentucky Statutes provides that a corporation may increase its capital stock only by a vote of, or by the written consent of, stockholders representing two-thirds of its capital stock. So, taking the statement of the petition that a majority of the stockholders voted to increase the stock to $20,000.00 as true, it did not show that the statute had been complied with.

Again, if the stockholders had voted to increase the capital stock and had subsequently reconsidered their action and declined to increase the capital stock, as stated in the petition, the last action of the board must be treated as the controlling action upon the subject.

It is true the plaintiffs testified that the hardware company not only agreed to pay the additional $250.00 when the capital stock of the company should be increased to $20,000.00, but that it also agreed to increase the capital stock to that amount. So much of their testimony,

however, as attempted to show that the company agreed to increase its capital stock to $20,000.00 contradicts the written agreement, and is incompetent in the absence of an allegation attacking the contract as written. When, therefore, the written contract provided that the company should pay the plaintiffs an additional $250.00 if the capital stock should be increased to $20,000.00, it is plain that the company was not liable until the capital stock had been so increased.

Finally, the minutes of the hardware company show that at the meeting of the stockholders on October 28, 1912, called for the purpose of increasing the capital stock of the company, the motion to increase the capital stock from $10,000.00 to $30,000.00 was defeated by a vote of more than two-thirds of the capital stock of the company; and that, by a vote of 99 shares against 15 shares, the capital stock of the company was increased from $10,000.00 to $18,000.00. The record fails to show that any other action upon the subject was ever taken by the stockholders of the hardware company.

Under any view of the record, the plaintiffs failed to show they were entitled to recover.

The appeal is granted; the judgment is reversed; and the action is remanded with instructions to dismiss the petition.